■ In the Matter of CRAIG GRAHAM, Petitioner, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Commissioner of Social Services which affirmed the denial of medical assistance to petitioner. On January 27, 1981, petitioner, then 25 years of age, arrived in Albany, New York, from Florida where he had resided the previous seven and one-half years. He went from the airport to Albany Medical Center where he stayed approximately 18 days for treatment for complications of his diabetic condition caused by severe dehydration and malnutrition. After his discharge from the hospital, petitioner moved to the home of his mother and stepfather in Voorheesville, New York, and

registered to vote in Albany County. On January 27, 1981, the Albany County Department of Social Services received an application on behalf of petitioner for medical assistance. The application was denied on the ground that petitioner was then a resident of Florida and that he came to New York for the purpose of receiving medical care. Following a fair hearing, the Commissioner of the State Department of Social Services issued a determination affirming the local agency's denial of petitioner's application. The present proceeding was then commenced seeking a review of this determination. In order to be eligible for medical assistance, a person must be a resident of New York State or, while temporarily in the State, require immediate medical care which is not otherwise available, provided that such person did not enter the State for the purpose of obtaining such medical care (Social Services Law, § 366, subd 1, par [b]). Residence for purposes of the Social Services Law depends upon the person's intention to make New York his place of residence (*Matter of Ruiz v Lavine*, 49 AD2d 1, 5) and once it is established that a person is a resident of New York under section 366 (subd 1, par [b]) of the Social Services Law, the motives for entering the State are irrelevant (*Matter of Casey v Lavine*, 54 AD2d 250, 254). In order to demonstrate that petitioner was a resident of Florida, evidence was submitted at the hearing consisting of a Florida driver's license issued to petitioner on June 29, 1977 and valid through June, 1981; a Florida vehicle registration certificate issued to petitioner on December 18, 1980 and listing his address in Florida; a blank check indicating that petitioner had a checking account in a Florida bank; a pay stub from petitioner's last employer in Florida dated January 19, 1981; a letter from a person with whom petitioner shared an apartment in Florida indicating that he would continue to share expenses with petitioner while he was ill; a letter from petitioner's mother to the Department of Social Services stating that petitioner would be residing at her home "until such time as circumstances change"; and testimony that petitioner had paid at least one month's rent in advance on his Florida apartment prior to his departure from Florida. Petitioner testified that even if he had not become ill he intended to return to New York because he was born in Troy, New York, his relatives lived in the area and he became lonely for the people back in this area. He also testified that he lost his Florida employment in the first week of January, 1981 and that he paid his rent for February, 1981 in advance because he left Florida late in January, 1981 and he believed he had a responsibility to his roommate with whom he had been sharing expenses. In addition, evidence was introduced demonstrating that petitioner's apartment in Florida had been vacated in March, 1981. Petitioner contends that the determination is not supported by substantial evidence. While there is some evidence to the contrary, we are of the opinion that there is substantial evidence in the record to support a finding that when petitioner arrived in New York he did not intend to make this State his place of residence. Accordingly, the determination that petitioner was not a resident of New York State should be confirmed. There is also substantial evidence in the record to support the determination that petitioner entered New York on a temporary basis for the purpose of obtaining medical care and, therefore, he was ineligible for medical assistance. It appears from the record that petitioner was subsequently granted medical assistance in March, 1981, based upon a second application for assistance. Petitioner urges that his medical bills incurred in January and February of 1981 should then have been covered pursuant to 18 NYCRR 360.16 (c) which provides that an initial authorization shall be effective for care and services provided during the three-month period preceding the application if the applicant was eligible in the month such care or services were provided. However, since it has been determined that petitioner was not eligible for assistance during that time, this contention must

fail. We have considered petitioner's remaining arguments and find them unpersuasive. The determination must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.